```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------X
                                         :
UNITED STATES OF AMERICA                 :
                                         :    03 Cr. 1483 (DLC)
          -v-                            :
                                         :    MEMORANDUM OPINION
MIGUEL MEJIA, a/k/a/ "Mike",             :         & ORDER
                    Defendant.           :
                                         :
-----------------------------------------X
```

Appearances:

Pro Se Petitioner:

Miguel Mejia
56028-054
P.O. Box 2000
Fort Dix, NJ  08640-0902


DENISE COTE, District Judge:

    By Order dated March 12, 2010, pro se defendant Miguel Mejia's ("Mejia") December 2, 2009 motion for resentencing was dismissed for failure to respond to the January 19 Order to show cause.  On March 15, the Court was informed that Mejia had, in fact, submitted a response to the January 19 Order.  Mejia's submission, which is dated March 2, 2010, was sent to the Pro Se office, but was not received in this Court's Chambers until March 15.  As such, the Court had no opportunity to consider Mejia's March 2 submission prior to the issuance of the March 12 Order.  For the following reasons, however, Mejia's December 2, 2009 motion is still denied.

On January 26, 2005, Mejia pled guilty without a plea agreement to participating in a conspiracy to distribute and possess with intent to distribute five kilograms and more of cocaine in violation of 21 U.S.C. §§ 846, 841(a)(1) and 841(b)(1)(A).  While acknowledging his participation in the charged narcotics trafficking conspiracy, Mejia challenged the Sentencing Guidelines calculation included in the Pimentel letter provided to him by the Government and in the Presentence Report ("PSR").  After a Fatico hearing held September 1, 2005, Mejia was found to have participated in a conspiracy involving 150 kilograms and more of cocaine and to have been a leader and organizer of criminal conduct involving five or more participants.  On September 30, 2005, based on these facts, Mejia was sentenced to principally 292 months' imprisonment, the lowest end of the guidelines range.  Mejia appealed.  On appeal, Mejia challenged, inter alia, the Court's findings concerning drug quantity and his role as a leader and organizer in the conspiracy.  On November 15, 2006, the Second Circuit affirmed Mejia's sentence.  See United States v. Espinoza-Mora, 205 Fed.Appx. 886 (2d Cir. 2006).

On December 2, 2009, Mejia moved for resentencing based on his attorney's purported ineffective assistance at the sentencing proceeding.  Mejia claims that his counsel failed to raise a constitutional challenge to his sentence pursuant to

2

Apprendi v. New Jersey, 530 U.S. 466 (2000), and Blakely v. Washington, 542 U.S. 296 (2004), based on the fact that Mejia did not plead guilty to a conspiracy involving 150 kilograms and more of cocaine, or to being an organizer or leader of a criminal activity involving five or more participants.  On January 19, 2010, Mejia was ordered to show cause why his December 2, 2009 motion should not be treated as petition for a writ of habeas corpus under 28 U.S.C § 2255 and dismissed as time-barred since it was not filed within the one-year statute of limitations.  28 U.S.C. § 2255(f).  In an apparent attempt to circumvent the statute of limitations, Mejia's March 2 submission styles his December 2, 2009 motion as a petition for a writ of audita querela pursuant to 28 U.S.C. § 1651.  In his March 2 submission, Mejia also raises an additional basis for his ineffective assistance of counsel claim, namely that his attorney should not have advised him to plead guilty based on the Pimentel letter and without a plea agreement.  Mejia also requests appointment of counsel.

Although formally abolished in civil cases, see Fed.R.Civ.P. 60(e), the writ of audita querela is "available in limited circumstances with respect to criminal convictions." United States v. Richter, 510 F.3d 103, 104 (2d Cir. 2007) (per curiam); see also United States v. LaPlante, 57 F.3d 252, 253 (2d Cir. 1995).  A writ of audita querela "is probably available

3

where there is a legal, as contrasted with an equitable, objection to a conviction that has arisen subsequent to the conviction and that is not redressable pursuant to another post-conviction remedy." Richter, 510 F.3d at 104 (citation omitted). "In other words, if the absence of any avenue of collateral attack would raise serious constitutional questions about the laws limiting those avenues, then a writ of audita querela would lie." Id.

Mejia's December 2, 2009 motion does not justify the unusual form of relief provided by the writ of audita querela. Mejia's collateral attack on his sentence based on Apprendi and Blakely, as well as his ineffective assistance of counsel claims, could have been brought as a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2255. See Bottone v. United States, 350 F.3d 59, 63 (2d Cir. 2003) ("Section 2255 is generally the proper vehicle for a federal prisoner's challenge to his conviction and sentence."); Jiminian v. Nash, 245 F.3d 144, 146-47 (2d Cir. 2001) (same). The arguments raised by Mejia were available to him at his 2005 sentencing and during the period that he could have filed a timely § 2255 challenge. His failure to raise the arguments at those times does not call into question the constitutional validity of § 2255.

Mejia argues that should the Court construe his December 2, 2009 motion as a § 2255 petition, his petition is still timely

4

because the one-year statute of limitations should be equitably tolled.  "Equitable tolling allows courts to extend the statute of limitations beyond the time of expiration as necessary to avoid inequitable circumstances."  <u>Valverde v. Stinson</u>, 224 F.3d 129, 133 (2d Cir. 2000) (citation omitted).  "[A] habeas petitioner seeking equitable tolling must show that extraordinary circumstances prevented him from filing his petition on time."  <u>Id.</u> (citation omitted); <u>see also</u> <u>Smaldone v. Senkowski</u>, 273 F.3d 133, 138 (2d Cir. 2001) (per curiam). In addition, the petitioner must have acted with "reasonable diligence" throughout the period he seeks to toll.  <u>Valverde</u>, 224 F.3d at 134; <u>see also</u> <u>Hizbullahankhamon v. Walker</u>, 255 F.3d 65, 75 (2d Cir. 2001).

   The circumstances advanced by Mejia do not satisfy the standard for equitable tolling.  Mejia has not demonstrated that "extraordinary circumstances" prevented him from filing a § 2255 petition.  Mejia claims that the attorney who was working on his habeas petition passed away on July 23, 2007, and that he "had no clue as to how to proceed" and did not have "additional funds to hire another lawyer."  Further, Mejia claims that he did not have any of his legal papers, which were maintained by his counsel.  The March 2 submission indicates that Mejia's family did not obtain his legal papers until sometime in early September 2008.  Mejia claims that when his legal papers were

5

finally sent to him at Fort Dix, the prison "returned the package" and it took "months" for Mejia to obtain all of his legal papers.  Mejia's inability to obtain court documents, standing alone, does not rise to the level of "extraordinary circumstances" that would justify equitable tolling.  Cf. Valverde, 224 F.3d at 133-34 (finding that intentional confiscation of petitioner's legal papers by corrections officer constituted an "extraordinary" circumstance).

Moreover, even if Mejia's difficulties in obtaining his legal papers constituted extraordinary circumstances, Mejia has failed to show that he acted with "reasonable diligence" throughout the period he seeks to toll.  Mejia did not file his motion for resentencing until December 2, 2009 -- over three years after the Second Circuit affirmed his sentence and the judgment against him became final.  There is no suggestion in Mejia's submissions that he could not have obtained copies of whatever court papers might have been required to file a petition directly from the court at some earlier point in time. Nor does Mejia explain why he could not have filed a petition with a summary of his claims and a request for additional time to obtain copies of his legal papers.  Because Mejia failed to exercise reasonable diligence in attempting to file his petition, the difficulties he experienced in obtaining copies of his legal papers cannot be said to have prevented timely filing.

See id. at 134 ("If the person seeking equitable tolling has not exercised reasonable diligence in attempting to file after the extraordinary circumstances began, the link of causation between the extraordinary circumstances and the failure to file is broken, and the extraordinary circumstances therefore did not prevent timely filing."). Accordingly, Mejia's December 2, 2009 motion, construed as a § 2255 petition, is time-barred.[1]

## CONCLUSION

Mejia's December 2, 2009 motion is construed as a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2255 and is denied as untimely. Mejia's request for appointment of counsel is denied as moot. In addition, the Court declines to issue a certificate of appealability. Mejia has not made a substantial showing of a denial of a federal right pursuant to 28 U.S.C. § 2253(c), and appellate review is therefore not warranted. Love v. McCray, 413 F.3d 192, 195 (2d Cir. 2005). The Court also finds pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith. Coppedge v. United States, 369 U.S. 438, 445 (1962).

SO ORDERED:

Dated:   New York, New York
         March 16, 2010

_____
DENISE COTE
United States District Judge

---

[1] Even if the merits of Mejia's motion were reached, his petition would be denied.

7